IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER KEENAN, | : | |
|       Plaintiff | : | |
| | : | |
| v. | : | Civil Action No.: 02-CV-4420 |
| | : | |
| UNUM PROVIDENT CORPORATION | : | |
| Successor-In-Interest to PAUL REVERE | : | |
| LIFE INSURANCE COMPANY and | : | |
| JOSEPH P. REILLY INSURANCE AGENCY | : | |
|       Defendants | : | |

**ORDER**

**AND NOW,** this            day of                        , 2002, upon consideration of the Plaintiff's Motion for Remand pursuant to 28 U.S.C. A. § 1447(c) and any response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is GRANTED and that:

1) This Court lacks federal question jurisdiction and the case is remanded to State Court;

2) A certified copy of the Order of Remand shall be mailed by the Clerk to the Prothonotary of the Court of Common Pleas of Philadelphia County; and

3) Attorney's fees and costs in the amount of One Thousand Dollars ($1,125.00) are to be paid to attorney for Plaintiff for payment of fees and costs incurred as a result of the removal and as authorized by 28 U.S.C.A. § 1447(c).

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER KEENAN, : | |
| Plaintiff : | |
| : | |
| v. : | Civil Action No.: 02-CV-4420 |
| : | |
| UNUM PROVIDENT CORPORATION : | |
| Successor-In-Interest to PAUL REVERE : | |
| LIFE INSURANCE COMPANY and : | |
| JOSEPH P. REILLY INSURANCE AGENCY : | |
| Defendants : | |

## ORDER

**AND NOW,** this _____ day of _____, 2002, an Order is entered against Andrew F. Susko, Esquire and Kevin C. Cottone, Esquire of White and Williams to show cause why:

1) The Petition for Removal was not presented for an improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation when the cause of action brought by Plaintiff is not subject to federal law; and

2) The allegations and factual contentions set forth in the Defendant's Petition for Removal were supported by meaningful evidence when Plaintiff purchased and paid for the disability policy individually and was an independent subcontractor at the time of purchase; and

3) Defendant's accusation of fraud of Plaintiff in joining and suing the Joseph P. Reilly Insurance Company as a means of defeating diversity jurisdiction in the federal courts is supported by the evidence when the matter was properly and originally brought in state court.

Defendant is hereby **ORDERED** to show cause why A Petition for Removal was presented in light of the above evidence within five (5) days of entry of this Order.

BY THE COURT:

_____
J.

**IN THE UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER KEENAN,<br>    Plaintiff<br><br>    v.<br><br>UNUM PROVIDENT CORPORATION<br>Successor-In-Interest to PAUL REVERE<br>LIFE INSURANCE COMPANY and<br>JOSEPH P. REILLY INSURANCE AGENCY<br>    Defendants | :<br>:<br>:<br>:  Civil Action No.: 02-CV-4420<br>:<br>:<br>:<br>:<br>:<br>: |

## MOTION FOR REMAND

Plaintiff, Peter Keenan, by and through his attorney, Law Offices of Jonathan Wheeler, P.C., hereby moves this District Court to Remand the above-captioned case to the Philadelphia Court of Common Pleas, and in support thereof, avers the following:

1. Plaintiff, Peter Keenan, instituted this action in the Philadelphia Court of Common Pleas on or about May 31, 2002, under the May Term, 2002, No. 003862. A copy of the Complaint is attached hereto as Exhibit "A".

2. The Plaintiff commenced this action against Defendants, UNUM PROVIDENT CORPORATION, Successor-in-Interest to Paul Revere Life Insurance Company, and its agent, Joseph P. Reilly Insurance Agency, and made proper service upon UNUM on June 10, 2002, and service upon Defendant, Joseph Reilly Insurance Agency on June 12, 2002.

3. In his Complaint, Plaintiff asserted three causes of action against the Defendants, namely, a breach of the disability insurance contract issued by UNUM and sold to Plaintiff by Defendant, Joseph Reilly Insurance Agency; a cause of action based upon 42 Pa. C.S.A. § 8371 for the Defendant's bad faith conduct in arbitrarily, capriciously and unreasonably terminating disability benefits owed to Keenan under the terms of the disability policy issued to Plaintiff, a self-employed

individual. The third cause of action in negligence was asserted against the insurance company's agent, Joseph Reilly Insurance Agency, for his careless and negligent acts and omissions which departed from the prevailing standards applicable to an insurance agent at the time the policy was sold to Plaintiff.

4. The claims and causes of action alleged and questions presented in Plaintiff's Complaint arise entirely under state law.

5. This Honorable Court does not have jurisdiction over the issues raised in Plaintiff's Complaint as required by 28 U.S.C.A. § 1441(b).

6. Plaintiff's Complaint does not present any claims, causes of action or questions arising under the Constitution, Treaties or Laws of the United States.

7. The Plaintiff's Complaint does not seek disability benefits under a policy of insurance which is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., as alleged by the Defendant insurance company.

8. On the contrary, the policy of disability insurance purchased by Plaintiff from Paul Revere Life Insurance on June 21, 1987, application submitted on May 3, 1987, is an **individual** policy of insurance. See Insurance Policy and Application collectively attached as Exhibit "A" to Plaintiff's Complaint.

9. At the time of purchase of the subject policy, Plaintiff was a self-employed sub-contractor for Personal Public Adjusters located at 1200 Bustleton Pike, Suite 8, Feasterville, PA 19053; was paid on a commission basis and was issued an IRS 1099 Tax Form. See Affidavit of Peter Keenan, attached hereto as Exhibit "B", ¶ 3. Also See IRS Form 1099 for years 1986, 1987, 1988 issued by Personal Public Adjusters attached as Exhibit C.

10. At the time he provided services to Personal Public Adjusters, Plaintiff received no employee benefits and no monies were deducted from his commission checks to pay premiums for health, life, disability or other "employee benefits." See Exhibit "B", ¶ 4.

11. The disability policy purchased by Plaintiff was an individual policy and paid for by Plaintiff's private funds. Exhibit "B", ¶ 5.

12. Premium invoices for the Paul Revere disability policy were sent to Plaintiff's home address, 834 Old Huntingdon Pike, Jenkintown, PA 19046, and were invoiced to Plaintiff as an individual. Exhibit "B", ¶ 6., See Exhibit "D", Paul Revere invoice and Plaintiff's check for payment.

13. The Plaintiff's association with Personal Public Adjusters was terminated by him in 1990. Exhibit "B", ¶ 8.

14. Plaintiff continued payment of the premiums. Exhibit D.

15. The disability insurance policy purchased by Plaintiff is not an employee benefit plan subject to or governed by ERISA, 29 U.S.C. § 1001 et seq; was not purchased by an employer and is not a benefit as defined by the Legislature in 29 CFR Sec. 2510.3-1 "Employee Welfare Benefit Plan."

16. Nevertheless, on July 3, 2002, the Defendant insurance company filed a Petition for Removal in the United States District Court for the Eastern District of Pennsylvania alleging that the District Court had original jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331. See Defendant's Petition for Removal, attached hereto as Exhibit "E".

17. The Defendant insurance company further alleged that this Court had diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332, because Plaintiff allegedly "fraudulently"

joined and sued the Joseph P. Reilly Insurance Company" for the purpose of attempting to defeat diversity.  See, Exhibit "E", ¶ 5(c).

18. Contrary to the representation of counsel in the Certificate of Service attached to the Petition for Removal, a copy of the Notice of Removal was **not** served upon counsel for Plaintiff on July 3, 2002.  On the contrary, Plaintiff's counsel discovered that this matter had been removed from State Court when a copy of a Motion to Dismiss was served by mail upon Plaintiff on July 11, 2002 and received on or about July 12, 2002.  Upon Plaintiff's counsel's notification to defense counsel, a copy of the Notice of Removal was then hand delivered to counsel for Plaintiff on Monday, July 15, 2002.

19. All of the above is further evidence of the Defendant insurance company's bad faith and Plaintiff is entitled to an imposition of sanctions against the Defendant, UNUM Provident Corporation pursuant to Federal Rule of Civil Procedure 11(c) and the Plaintiff respectfully requests that the Court enter the attached Order directing defense counsel to show cause why it has not violated Federal Rule of Civil Procedure 11(b) in the filing of its Petition for Removal and in accusing plaintiff of fraudulently joining the co-defendant to defeat diversity.

20. Plaintiff requests that assignment of costs for counsel to prepare this Motion be granted in accordance with 28 U.S.C.A. § 1447(c) which states:

> A Motion to Remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the notice of removal under § 1446(a).  If at any time before final judgment it appears that the District Court lacks subject matter jurisdiction, the case shall be remanded.  An Order remanding the case may require payment of just costs and any actual expenses including attorneys' fees incurred as a result of the removal.

Attached as Exhibit "F" is the Affidavit of Jonathan Wheeler as to the fees and costs in preparation

of this Motion.

    WHEREFORE, Plaintiff respectfully requests that this Motion for Remand; prayer for attorneys' fees; and an Order upon Defendant to show cause why sanctions should not be imposed as deemed appropriate by the Court be granted and that the case be remanded to state court.

                        LAW OFFICES OF JONATHAN WHEELER, P.C.

                By: /s/
                    Jonathan Wheeler, Esquire
                    1270 One Penn Center
                    1617 John F. Kennedy Blvd.
                    Philadelphia, PA 19103
                    (215) 568-2900

                    Attorney for Plaintiff,
                    Peter Keenan

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER KEENAN,<br>　　　　Plaintiff<br><br>　　　　v.<br><br>UNUM PROVIDENT CORPORATION<br>Successor-In-Interest to PAUL REVERE<br>LIFE INSURANCE COMPANY and<br>JOSEPH P. REILLY INSURANCE AGENCY<br>　　　　Defendants | :<br>:<br>:<br>:<br>: Civil Action No.: 02-CV-4420<br>:<br>:<br>:<br>:<br>:<br>: |

**AFFIDAVIT**

I, Jonathan Wheeler, Esquire, being duly sworn, hereby deposes and says:

1. I am fully familiar with the facts in the above captioned case, and I am counsel for the Plaintiff, Peter Keenan. I am more than 21 years of age and competent to testify to the following allegations.

2. I am principal and sole practitioner, rendering legal services in the Law Office of Jonathan Wheeler, P.C. My currently hourly billing rate is $250.00 for the type of matter above captioned.

3. Pursuant to Defendant Insurance Company's Petition for Removal which was not hand delivered to me until July 15, 2002, I researched, prepared, and drafted the Plaintiff's Motion for Remand.

4. I spent a total of 4.0 hours in the preparation of this Motion for Remand, totaling $1,000.00 in counsel fees.

5. I have further expenses in postage and photocopying in the amount of $125.00.

By:_____
　　　Jonathan Wheeler, Esquire
　　　Attorney I.D. No. 12649
　　　1270 One Penn Center
　　　1617 John F. Kennedy Blvd.
　　　Philadelphia, PA 19103
　　　(215) 568-2900

　　　Attorney for Plaintiff,
　　　Peter Keenan

Dated:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER KEENAN,  :<br>　　　　　Plaintiff　　　　: <br>　　　　　　　　　　　　: <br>　　　v.　　　　　　　　: <br>　　　　　　　　　　　　: <br>UNUM PROVIDENT CORPORATION　: <br>Successor-In-Interest to PAUL REVERE　: <br>LIFE INSURANCE COMPANY and　: <br>JOSEPH P. REILLY INSURANCE AGENCY　: <br>　　　　　Defendants　　: | Civil Action No.: 02-CV-4420 |

## CERTIFICATE OF SERVICE

I, Jonathan Wheeler, Esquire, hereby certify that a true and correct copy of Plaintiff's Motion for Remand and Memorandum of Law in Support thereof were served this date upon the following counsel of record via United States First Class Mail, postage prepaid:

Andrew F. Susko, Esquire　　　　　Joseph P. Reilly Insurance Agency
Kevin C. Cottone, Esquire　　　　　1200 Bustleton Pike, Suite 10
White and Williams LLP　　　　　　Feasterville, PA 19053
1800 One Liberty Place
Philadelphia, PA 19103

　　　　　　　　　　　　　　　　　LAW OFFICES OF JONATHAN WHEELER, P.C.


　　　　　　　　　　　　　　　　　By:　/s/_____
　　　　　　　　　　　　　　　　　　　　Jonathan Wheeler

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER KEENAN, | : | |
|     Plaintiff | : | |
| | : | |
|     v. | : | Civil Action No.: 02-CV-4420 |
| | : | |
| UNUM PROVIDENT CORPORATION | : | |
| Successor-In-Interest to PAUL REVERE | : | |
| LIFE INSURANCE COMPANY and | : | |
| JOSEPH P. REILLY INSURANCE AGENCY | : | |
|     Defendants | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR REMAND**

A.   **Statement of Facts:**

Plaintiff, Peter Keenan, commenced this action for breach of contract, bad faith and negligence by the filing of a Complaint on May 31, 2002 in the Philadelphia Court of Common Pleas. A copy of Plaintiff's Complaint is attached hereto as Exhibit "A". The gravamen of Plaintiff's Complaint is based upon three causes of action, a breach of contract claim and bad faith action pursuant to 42 Pa. C.S.A. § 8371 against the Defendant insurance company and a negligence action against the insurance agent who sold the disability insurance policy at issue to the Plaintiff and whose office at the time of the sale was next door to the office where Plaintiff worked as an independent contractor in 1987. At the time of his purchase of the policy in June of 1987, Plaintiff was self employed, providing services as an independent subcontractor to Personal Public Adjusters on a commission basis. Plaintiff received no employee benefits from Personal Public Adjusters and

was issued an IRS Form 1099 which displayed the amount of non-employee compensation he received from that entity. See Exhibit "B", Exhibit "C".

At all times relevant, the bills for premium due were sent to Plaintiff at his home and were paid out of his own private funds. See Exhibit "D".

Notwithstanding the above facts, Defendant UNUM has filed a Notice of Removal representing to the Court without any evidence whatsoever, that the policy sold to Plaintiff individually is an employee benefit plan subject to the provisions of ERISA, Title 29 U.S.C. § 1000 et seq.

Additionally, Defendant has alleged that Plaintiff has "fraudulently sued and joined" the agent who sold the policy to him in an attempt to defeat diversity jurisdiction.

Finally, although Defendant's Petition for Removal asserts that the Petition filed on July 3, 2002, was served upon Plaintiff's counsel by first class mail on that date, this assertion is not correct in that Plaintiff did not receive notice of the removal until on or about July 12, 2002, when a Motion to Dismiss was served on Plaintiff. Thereafter, upon notifying defense counsel that the referenced Petition was not received by Plaintiff in accordance with the July 3, Certificate of Service, a copy was hand delivered to counsel for Plaintiff on July 15, 2002.

### B. Legal Argument

This matter was instituted on May 31, 2002, by the filing of a Complaint in a State Court, specifically, the Philadelphia Court of Common Pleas. Both Defendants were served on June 10, 2002 and June 12, 2002, respectively.

Defendant presents no evidence that the insurance policy which it sold to Plaintiff is an employee benefit plan subject to ERISA.

Defendant's Petition for Removal was wrongfully filed and Plaintiff is entitled to have his cause of action remanded to state court in accordance with 28 US.C.A. § 1447(c) and to an imposition of attorney's fees in accordance with that statute.

### 1. **ERISA Is Not Applicable To The Insurance Policy Sold To Plaintiff**.

An action removed to federal court may be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction..." 28 U.S.C. § 1447(c). Removal statutes are to be strictly construed and all doubts are resolved in favor of remand. Angus v. Shiley, Inc., 989 F.2d 142, 143 (3rd Cir. 1993).

Federal question jurisdiction exists only when an issue of federal law appears on the face of Plaintiff's complaint. Pryzbowski vs. U.S. Healthcare, 245 F.3d 266 (3rd Cir. 2001). Plaintiff's complaint, herein articulates a breach of an individual insurance contract, bad faith and negligence claim, all state law claims because the policy was not an employee benefit.

Plaintiff has submitted an Affidavit which is attached hereto as Exhibit "B" and in which the Plaintiff insured states:

> 1) At the time of purchase of the subject policy, he was a self-employed sub-contractor for Personal Public Adjusters located at 1200 Bustleton Pike, Suite 8, Feasterville, PA 19053. Exhibit "B", ¶3.
>
> 2) At the time he was associated with Personal Public Adjuster he was paid on a commission basis and was issued an IRS Tax Form 1099. Exhibit "B" ¶3. and Exhibit "C".
>
> 3) At the time he was associated with Personal Public Adjusters, no monies were deducted from his commission checks to pay premiums for health, life, disability or other "employee benefits." Exhibit "B" ¶4.
>
> 4) The disability policy purchased by him from Paul Revere Insurance Company was an individual policy for which

>premiums were paid by Plaintiff from his own personal funds. Exhibit "B"
>¶5; Exhibit D.
>
>5) All premium invoices from Paul Revere were sent to Plaintiff's home address and were invoiced to Plaintiff as an individual.
>
>6) Plaintiff terminated his association with Personal Public Adjusters in 1990.

29 U.S.C. § 1003, states in pertinent part:

§ 1003. Coverage

>Except as provided in subsection (b) or (c) and in § 201, 301 and 401 (29 U.S.C. § 1051, 1081 and 1101) this title shall apply to any employee benefit plan if it is established or maintained:
>
>>1. by any employer engaged in commerce or in any Industry or actively affecting commerce;
>>
>>2. by an employee organization or organizations Representing employees engaged in commerce Or in any industry or activity affecting commerce; or
>>
>>3. by both.

The policy of disability insurance purchased by Plaintiff is an individual policy and was at all times maintained by Plaintiff who was <u>not</u> an employee at the time of his purchase of the policy or at any time during his relationship with Personal Public Adjusters. When the Supreme Court has listed failure to provide employee benefits and the tax treatment of the hired party as relevant to the inquiry of whether an individual is an employee, see <u>Nationwide Mut. Ins. Co. v. Darden</u>, 503 U.S. 318, 323, 324, 112 S. Ct. 1344 (1992), the lack of benefits provided by Personal Public Adjusters and Plaintiff's payment by commission as reported to the Internal Revenue Service in a Form 1099, underscores Plaintiff's independent contractor relationship with Personal Public

Adjusters.

Defendant relies upon the case of <u>Brown v. Paul Revere Life Ins. Co.</u>, C.A. 01-1931, (U.S.D.C. E.D. 2002) in its bad faith quest to characterize the disability insurance policy herein as a plan subject to ERISA. Plaintiff submits that the facts in <u>Brown</u> are markedly different to those presented to this Court.

In <u>Brown</u>, the Plaintiff was an employee of a professional corporation comprised of emergency room doctors and of which Plaintiff was President. The corporation's financial advisor devised a structure by which the corporation's employees were paid a lower salary so that bonus dollars attributed to each employee could be used for purchase of employee benefits such as continuing medical education, professional dues, parking fees, disability and medical insurance, if desired.

Each deduction was treated as a corporate expense and was not reported as income on the employee's W-2 Forms.

Unlike plaintiff's application herein, the application for Paul Revere disability insurance in Brown listed the employer as the payer of the policy premiums. The Court also noted that the premiums were billed to the employer. Significantly, Paul Revere treated the Policy as an "employee security plan" or an "ESP" which according to Revere's witness, Revere makes available to employers who wish to insure multiple employees. According to St. Paul in <u>Brown</u>, the employer is sent one bill listing the premiums owed for all employees.

Notwithstanding the above, after financial setbacks, the corporation stopped paying insurance premiums and the Plaintiff made the payments himself. When Paul Revere refused to pay disability payments, Plaintiff policyholder brought suit in district court for breach of contract and bad

faith. After a bench trial, the Court determined that ERISA governed the plan because the policy was paid for by Plaintiff's employer; it was intended to provide disability benefits and the class of beneficiaries was the professional corporation's employees.

In reaching those findings of fact, the Court noted that on the face of the policy it was evident that the policy was a part of a well-defined plan established by the corporation to provide benefits to its employees.

In the matter herein, Paul Revere struggles in its effort to establish a plan subject to ERISA. Although it provides no evidence to support that conclusion, Plaintiff respectfully submits that simply because Paul Revere has included the letters "ESP" on its pre-printed application form does not subject the policy purchased by Plaintiff to ERISA nor subject it to federal jurisdiction. Likewise, the use of the letters "ESP" on the application is subject. The policy itself, on page 1, is not identified as "ESP". On the contrary, the insured is listed as the Plaintiff and the Policy Number, 01022911180, does not comport with the so called ESP Number on the application.

Moreover, the face of the proposed insured's application demonstrates at Part I, that there is no existing health benefit applicable to Plaintiff; and significantly Plaintiff was not eligible for Worker's Compensation.

Likewise in the premium information section, it is clear that the premiums were to be paid by the proposed insured. See Exhibit "A" to Plaintiff's Complaint attached hereto as Exhibit "A".[1]

---

[1] Even if the Court were to find that Plaintiff was an employee, a conclusion which all of the evidence contradicts and Plaintiff specifically denies, the Safe Harbor Regulation applicable to ERISA, 29 C.F.R. § 1510.3-1(j) would prevent application of the statute to this policy because on its face, the policy application demonstrates the policy was paid by Plaintiff, there is no evidence that Personal Public Adjusters required participation in the program, and there is no evidence that Personal Public Adjusters engaged in any function with respect to the program. Certainly, in a Motion to Dismiss or Motion for Summary Judgement context, the evidence,

The provisions of ERISA are not applicable therefore, and there is no basis upon which removal to the federal court will lie because there is no federal question. .

### 2. Plaintiff Is Entitled To Attorney Fees And Costs Pursuant To 28 U.S.C. § 1447(c).

28 U.S.C. § 1447(c) states:

> A Motion to Remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the Notice of Removal under § 1446(a). If at any time before final judgment it appears that the District Court lack subject matter jurisdiction, the case shall be remanded. An Order remanding the case may require payment of just costs and any actual expenses including attorney fees incurred as a result of the removal.

On the basis of the aforecited section of Title 28 of the United States Code, Plaintiff is entitled to recoup the costs and expenses, including attorneys' fees and costs, associated with the preparation of the instant Motion for Remand. This case is subject to an assessment of attorneys' fees and costs given the utter lack of evidentiary support to justify removal. See Affidavit of counsel, Exhibit E, regarding attorneys' fees and costs.

---

when viewed in a light most favorable to Plaintiff, demonstrates that Defendant has failed to sustain its burden of proving it is entitled to judgment as a matter of law. Moreover, assuming for argument's sake only, (and which Plaintiff denies), that Personal Public Adjusters had paid a premium in the past, the Safe Harbor Regulation set forth in 29 C.F.R. § 2510.3-1(j)(1) will not be defeated. See Grimo v. Blue Cross/Blue Shield of Vermont, 34 F.3d 148 (2d Cir. 1994), cited with approval by the Eastern District of Pennsylvania in Byard v. Qualmed Plans for Health, 966 F.Supp. 354 (E.D. Pa. 1997), wherein the District Court noted that the Second Circuit reversed a finding that safe harbor status was defeated because an employer had paid an entire premium for one year for one of its employees and fifty percent for other employees. The Second Circuit disagreed, citing that the Regulation's use of the present tense "No contributions are made..." simply suggests that past payments do not forever preclude application of the Safe Harbor provision. The Second Circuit also rejected that a contribution in any amount precludes application of the Safe Harbor Rule because such an interpretation is "pointlessly unforgiving." 39 F.3d at 153. The United States District Court for the Eastern District relied on Grimo in Byard stating that a one time payment by an employer was likewise "pointlessly unforgiving" and the Court would not adopt such an interpretation. 966 F.Supp. at 359.

### 3. Plaintiff Is Entitled To The Imposition Of Further Sanctions As The Court Deems Appropriate Pursuant To F.R.C.P. 11.

Federal Rule of Civil Procedure 11(b), Representations to Court, provides in pertinent part:

> By presenting to the court (whether by signing, filing, submitting or later, advocating) a pleading, written motion or other paper, an attorney or unrepresented party is certifying that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary dely or needless increase in the cost of litigation;
>
> * * *
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Federal Rule of Civil Procedure 11(c), Sanctions, further provides:

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

The insurance policy at issue, the application submitted on behalf of Plaintiff at the time of purchase and Plaintiff's Affidavit demonstrate that the disability insurance policy at issue was not established by Plaintiff's employer nor was it maintained by the employer. 29 U.S.C. § 1003(a). The policy issued by Paul Revere is not an employee benefit subject to ERISA.

In the complete dearth of support for filing the Petition for Removal, a violation of subsections(b) (1) and (3) of Federal Rule of Civil Procedure 11 is apparent.

The Defendant insurance company compounds the impropriety of the filing when it accuses Plaintiff of "fraudulently joining and suing" the agency who sold the policy to Plaintiff in a purported attempt to defeat diversity. See Exhibit F, Petition for Removal.

In light of the clear evidence of bad faith of the insurer in the accusations contained in its Petition, the Petition warrants the imposition of sanctions pursuant to F.R.C.P. 11 as the Court deems appropriate.

WHEREFORE, Plaintiff respectfully requests that his Motion for Remand be GRANTED.

Respectfully submitted,

LAW OFFICES OF JONATHAN WHEELER, P.C.

By: /s/
Jonathan Wheeler, Esquire
Attorney I.D. No. 12649
1270 One Penn Center
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 568-2900

Attorney for Plaintiff,
Peter Keenan