**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PETER KEENAN, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No.: 02-CV-4420 |
| | : | |
| UNUM PROVIDENT CORPORATION | : | |
| Successor-In-Interest to PAUL REVERE | : | |
| LIFE INSURANCE COMPANY and | : | |
| JOSEPH P. REILLY INSURANCE AGENCY | : | |
| Defendants | : | |

**ORDER**

    **AND NOW,** this         day of                     , 2002, upon

consideration of the Motion to Dismiss filed by Defendant UNUM Provident Corporation as the

Successor-In-Interest to PAUL REVERE LIFE INSURANCE COMPANY and Plaintiffs' Response

in Opposition thereto, it is hereby ORDERED and DECREED that Defendant's Motion is DENIED

as moot and  the case is remanded to state court.

                                      BY THE COURT:

                                      _____

                                                             J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PETER KEENAN, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No.: 02-CV-4420 |
| | : | |
| UNUM PROVIDENT CORPORATION | : | |
| Successor-In-Interest to PAUL REVERE | : | |
| LIFE INSURANCE COMPANY and | : | |
| JOSEPH P. REILLY INSURANCE AGENCY | : | |
| Defendants | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION TO DISMISS**

Plaintiff, Peter Keenan, by and through his attorney, Law Offices of Jonathan Wheeler, P.C., does hereby file a Response in Opposition to Defendant's Motion to Dismiss and in support thereof avers the following:

1. Admitted.  Attached as Exhibit A is a copy of the Plaintiff's Complaint, filed in the Philadelphia Court of Common Pleas, May Term, 2002, No. 003862 with the disability policy and application as an attachment. .

2. Denied.  While Defendant may have filed a Notice of Removal to District Court on July 3, 2002, it is specifically denied that Plaintiff was served with a copy of the Notice of Removal as certified by Counsel in the Certificate of Service attached to the Petition for Removal.  On the contrary, Plaintiff did not receive notice that a Petition for Removal had been filed until on or about Friday, June 12, 2002 when Plaintiff's counsel received a copy of the instant Motion to Dismiss. Upon telephonically contacting defense counsel on that date, Plaintiff's counsel received a copy of the Petition for Removal on July 15, 2002, almost two weeks **after** the document was actually filed.

Finally, Plaintiff avers that he has filed a Motion to Remand this case to the State court and attaches a copy of same as Exhibit "B" for the Court's convenience.

3. Denied. Plaintiff's Complaint, Exhibit "A" hereto, is a writing and speaks for itself. Therefore, any attempt by Defendant insurance company to characterize or summarize the averments in the multi-count complaint is denied.

4. Denied. Plaintiff's Complaint, Exhibit "A", is a writing and speaks for itself. Therefore, any attempt by Defendant insurance company to characterize or summarize the averments in the multi-count complaint is denied.

5. Denied. It is specifically denied that the long term disability policy issued to Plaintiff and purchased by Plaintiff was established or maintained by any employer of Plaintiff. On the contrary, at the time Plaintiff purchased the policy, he was a public adjuster providing services as an independent subcontractor to a company called Personal Public Adjusters. See Exhibit "C", Affidavit of Plaintiff. ¶ 3. Plaintiff also attaches a true and correct copy of IRS Forms 1099 for the years 1986, 1987 and 1988 as Exhibit "D" hereto. The forms demonstrate that Plaintiff was self-employed and the recipient of non-employee compensation. By way of further answer, the policy and application attached as Exhibit "A" to Plaintiff's Complaint (Exhibit A hereto) demonstrates that the policy was purchased by Plaintiff and maintained by the Plaintiff without any contribution by his employer. See Application, Part 1, Section M - Information Regarding Premiums Section which states that premiums will be paid by the Proposed Insured. Finally, Plaintiff also attaches a true and correct copy of a billing invoice from St. Paul and a check for payment by Plaintiff which demonstrate that premiums were billed to Plaintiff and paid by Plaintiff directly. See Exhibit E.

6. Denied. Both Exhibit "A" to Plaintiffs's Complaint and Plaintiff's Affidavit attached

hereto as Exhibit "C" demonstrates that (1) Plaintiff was not an "employee"; and (2) the policy was not an "employee benefit plan" established or maintained by the entity for whom he provided services on an independent sub-contractor basis.  On the contrary, the policy was voluntarily purchased by Plaintiff; was maintained by payments made from Plaintiff's private funds; was billed by Paul Revere/UNUM Provident directly to Plaintiff and was never intended by Plaintiff or Defendant to be a benefit plan maintained or established by anyone other than the proposed insured.

7.  Denied.  The averments set forth in the preceding paragraphs are incorporated by reference and provide the basis for the specific denial that the disability insurance policy purchased by Plaintiff is subject to ERISA as Defendant contends without any factual support.

**The Breach of Contract, Bad Faith and Negligence Claims brought by Plaintiff are Not Subject to Federal Preemption.**

8.  Plaintiff hereby incorporates by reference paragraphs one (1) through seven (7) as though the same were set forth at length herein.

9.  Denied.  The Plaintiff's Complaint attached as Exhibit "A" is a writing and speaks for itself in its entirety.  Moreover, Plaintiff's Complaint contains another Count, specifically Count III, which constitutes a cause of action in negligence against the insurance agent who sold the policy to Plaintiff in May of 1987 and to which defendant has wrongfully alleged was "fraudulently" joined by plaintiff to defeat diversity.

10.  Denied.  It is specifically denied that Plaintiff's Complaint raises a federal question when at all times relevant hereto, Plaintiff was **not** an employee and therefore the insurance policy that he purchased with personal funds and maintained with personal funds is not an "employee benefit plan" subject to ERISA.

-3-

11.  Denied in part.  Admitted in part.  It is admitted that Plaintiff has averred entitlement to punitive damages, attorneys' fees and costs in his breach of contract/bad faith claim against the Defendant insurance company.  It is specifically denied that Plaintiff's cause of action as set forth in his multi count Complaint are subject to ERISA and therefore Plaintiff's claims for such damages may not be limited or precluded.  Moreover, a Motion Pursuant to Federal Rule of Civil Procedure 11 shall be filed to recoup the Attorney's fees and costs connected with Plaintiff's filing of a Response to a  frivolous Motion which defendant knew or should have known had no basis in fact given the Complaint and the documents attached thereto.

12.  Denied.  The Motion to Dismiss filed by Plaintiff raises a myriad number of disputed issues of fact which require resolution by the fact finder **if** the Court does not follow the appropriate standard which requires that the Complaint and all documents attached  thereto are to be viewed in favor of the non-moving party with all reasonable inferences in favor of plaintiff.   Indeed, the one case upon which Defendant relies, a recent opinion by the Honorable Norma L. Shapiro, S.J., <u>Brown v. Paul Revere Life Ins.</u>. Civil Action No. 01-1931, noted that Paul Revere's Motion to Apply ERISA was denied because there existed disputed issues of material fact.  By way of further answer, Defendant has failed to sustain its burden of proving that the insurance policy purchased and paid for by Plaintiff is an employee benefit plan subject to ERISA when the Complaint and Exhibits thereto demonstrate on their face that the policy was established and maintained by Plaintiff with his own funds and the evidence attached to this Response and the  Motion to Remand demonstrates that Plaintiff was <u>not</u> an employee but a self-employed independent contractor. See Exhibits A, C, D and E.

13.  Denied.  It is specifically denied that Counts I and II are subject to dismissal when the

Exhibits clearly demonstrate from the inception and purchase of the policy that Plaintiff was not an employee; that he established and maintained the policy with his own funds; and that the policy was **NOT** established or maintained by an employer.

WHEREFORE, Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied as moot and that this matter be remanded to State Court.

LAW OFFICES OF JONATHAN WHEELER, P.C.

By:_____

Jonathan Wheeler, Esquire
Attorney for Plaintiff, Peter Keenan
1270 One Penn Center
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 568-2900

Dated:_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PETER KEENAN, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No.: 02-CV-4420 |
| | : | |
| UNUM PROVIDENT CORPORATION | : | |
| Successor-In-Interest to PAUL REVERE | : | |
| LIFE INSURANCE COMPANY and | : | |
| JOSEPH P. REILLY INSURANCE AGENCY | : | |
| Defendants | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

    **I.**     **Statement of Facts:**

        Plaintiff, Peter Keenan, commenced this action for breach of contract, bad faith and negligence by the filing of a Complaint on May 31, 2002 in the Philadelphia Court of Common Pleas.  A copy of Plaintiff's Complaint is attached hereto as Exhibit "A".  The gravamen of Plaintiff's Complaint is based upon three causes of action, a breach of contract claim and bad faith action pursuant to 42 Pa. C.S.A. § 8371 against the Defendant insurance company and a negligence action against the insurance agent who sold the disability insurance policy at issue to the Plaintiff and whose office at the time of the sale was next door to the entity where Plaintiff worked as an independent contractor in 1987.  At the time of his purchase of the policy in May/June of 1987, Plaintiff was self employed, providing services as an independent subcontractor to Personal Public Adjusters on a commission basis.  Plaintiff received no employee benefits from Personal Public Adjusters and was issued an IRS Form 1099 which displayed the amount of income he received from that entity.  See Exhibits C and D.

        At all times relevant, the bills for premium due were sent to Plaintiff at his home and were

paid out of his own private funds.  See Exhibit E.

Notwithstanding the above facts, Defendant UNUM has filed a Notice of Removal representing to the Court without any evidence whatsoever, that the policy sold to Plaintiff individually is an employee benefit subject to the provisions of ERISA, Title 29 U.S.C. § 1002 <u>et seq</u>.

Additionally, Defendant has wrongfully alleged that Plaintiff has "fraudulently sued and joined" the agent who sold the policy to him in an attempt to defeat diversity jurisdiction.

Finally, although Defendant's Petition for Removal asserts that the Petition filed on July 3, 2002, was served upon Plaintiff's counsel by first class mail, this assertion is not correct in that Plaintiff did not receive notice of the removal until on or about July 12, 2002, when this Motion to Dismiss was served on Plaintiff.  Thereafter, upon notifying defense counsel that the referenced Petition was not received by Plaintiff in accordance with the July 3rd Certificate of Service, a copy was hand delivered to counsel for Plaintiff on July 15, 2002.

## II.    <u>Legal Argument</u>

### A.    <u>Standard For Review Of Motion Brought Pursuant To Federal Rule Of Civil Procedure 12(b)(6).</u>

When considering a Rule 12(b)(6) Motion, the Court must accept as true the allegations in the Complaint and its attachments, as well as reasonable inferences construed in the light most favorable to the Plaintiffs.  <u>Jordan v. Fox, Rothschild, O'Brine & Frankel</u>, 20 F.3d 1250, 1261 (3rd Cir. 1994).

Even if the Court is to consider the Defendant's filing as a Motion for Summary Judgment, the standard of review for the District Court is whether there are any genuine issues of

material fact and the moving party has demonstrated that it is entitled to judgment as a matter of law. When deciding a Motion for Summary Judgment, the Court must view all facts and the reasonable inferences to be drawn therefrom in a light most favorable to the non-moving party. <u>Continental Ins. Co. v. Bodie</u>, 682 F.2d 436, 438 (3rd Cir. 1982).

In its attempt to apply ERISA in the matter before this Court, the Defendant relies on the fact that its agent made a check mark next to a box entitled ESP and an opinion by the Honorable Norma L. Shapiro dated May 20, 2002, in which Defendant contends Judge Shapiro provides a detailed description of the ESP plan presented to the Court in that case.

The Application attached to the policy herein, however, clearly demonstrates that the policy premium was at all times to be paid by Plaintiff, the proposed insured. <u>See</u> Exhibit A to Plaintiff's Complaint attached hereto as Exhibit A.

Plaintiff moreover, has attached to the instant Response an Affidavit which demonstrates that he was **not** an employee of the Personal Public Adjusters but provided independent contractor services for that entity, received no benefits in his self-employed sub-contractor status; was paid on commission; was issued 1099 Tax Forms to report the income earned by him as an independent contractor. <u>See</u> Exhibit C, Affidavit of Peter Keenan; Exhibit D, Form 1099s for tax years 1986, 1987 and 1988. Exhibit D.

The evidence demonstrates that when the Court applies the applicable standard for review of Defendant's filing, the Motion, when viewed in a light most favorable to the Plaintiff, must be denied as moot because the case most be remanded to state court for lack of subject matter jurisdiction.

B.    **The Policy At Issue Is Not And Has Never Been An Employee Benefit Plan.**

29 U.S.C. § 1002 sets forth the definitions utilized in the Employment Retirement Income Security Act of 1974 (ERISA) and defines terms relevant to the matter before this Court as follows:

> (1) The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization...to the extent that such plan, fund or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits...

> (5) The term "employer" means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employees acting for an employer in such capacity.

> (6) The term "employee" means any individual employed by an employer.

The Complaint and documents attached thereto demonstrate that Plaintiff established and maintained the policy for which Defendant has wrongfully discontinued benefits.

There is absolutely NO evidence in the Complaint or the documents attached thereto, i.e, the policy and the application, which demonstrate that the "Disability Income Policy" No. 01022911180 is a plan established or maintained by an employer.

The application, on the contrary, demonstrates that Plaintiff was to pay for the policy

-4-

premiums.

The testimonial evidence in the nature of Plaintiff's Affidavit refers to the policy and demonstrates that the policy was maintained by the Plaintiff, Mr. Keenan, and the policy was billed to the Plaintiff.  See Exhibit "C".

Moreover, the Affidavit demonstrates that at the time the policy was "established" Plaintiff was not an employee of the entity for which he was then providing services on an independent sub-contractor basis.  This testimonial evidence is supported by the documentary evidence which demonstrates that Plaintiff was not provided with an IRS Form W-2 from Personal Public Adjusters but was issued an IRS Form 1099 which clearly demonstrates that any compensation paid to Plaintiff by Personal Public Adjusters was paid to him in his capacity as a non-employee.  See Exhibits C, D.

An individual who is self-employed is not an "employee" within the meaning of ERISA and the Act will not apply to a benefit plan maintained by a self-employed individual who is the sole contributor to and beneficiary of a benefit plan.  Schwartz v. Gordon, 761 F.2d 864 (2nd Cir. 1985) cited with approval in Matinchek v. John Alden Life Ins. Co., 93 F.3d 96 (3rd Cir.1996); Herrington v. Dreslin & Co., Inc., 1990 U.S. Dist. LEXIS 10150 (E.D. Pa. 1995).

The Supreme Court of the United States in Nationwide Mutual Ins. Co. v. Darden, 503 U.S. 318, 323, 112 S. Ct. 1344 (1992), adopted common law agency factors to determine whether an individual is an employee and identified some of the factors that are relevant in the inquiry:  the method of payment ; whether employee benefits were provided; and the tax treatment of the hired party.  503 U.S. at 323, 324.

Inquiry into these factors deemed relevant by the Supreme Court in the factual

circumstances presented in Mr. Keenan's lawsuit against his disability insurer requires a finding that he was not an employee when he was paid by commission; no benefits were provided to him by Personal Public Adjusters and his compensation was reported to the federal government as non-employee compensation on a Form 1099 by the paying entity.  See Exhibits C and D.

Notwithstanding that there is no evidence that Mr. Keenan was an employee, the Defendant has relied upon the recent case of Brown v. Paul Revere Life Ins. Co., Civil Action No. 01-1931 (E.D. Pa. 2002), to establish that Mr. Keenan's dispute with his disability insurance company is subject to federal preemption and application of ERISA.

Defendant's reliance upon Brown is misplaced.

In Brown, the Plaintiff was an employee of a professional corporation comprised of emergency room doctors and of which Plaintiff was the President.  The corporation's financial advisor devised a structure by which the corporation's employees were paid a lower salary so that bonus dollars earmarked for each employee could be used for purchase of employee benefits such as continuing medical education, professional dues, parking fees and medical and disability insurance, if desired.

Each deduction was treated as a corporate expense and was not reported as income on the W-2 Forms prepared for the employees.

The application for Paul Revere disability insurance listed the employer as the payor of the policy premiums.  Significantly, Paul Revere treated the policy as an "employee security plan" or an "ESP", which according to Revere's witness are plans which Revere makes available to employers who wish to insure multiple employees.  According to St. Paul in Brown, the employer is sent one bill listing the premiums owed for all employees.

-6-

Notwithstanding the above, after financial setbacks, the corporation stopped paying insurance premiums and the Plaintiff made the payments himself. When Paul Revere refused to pay disability payment, Plaintiff policyholder brought suit in district court for breach of contract and bad faith. After a bench trial, the Court determined that ERISA governed the plan because the policy was paid for by Plaintiff's employer; it was intended to provide disability benefits and the class of beneficiaries was the professional corporation's employees.

In reaching those findings of fact, the Court noted that on the face of the policy it was evident that the policy was a part of a well-defined plan established by the corporation to provide benefits to its **employees**.

In the matter herein, Paul Revere struggles in its effort to establish a plan subject to ERISA. Although it provides no evidence to support that conclusion, Plaintiff respectfully submits that simply because Paul Revere's agent has entitled the policy an "ESP" in one portion of the application does not subject the policy purchased by Plaintiff to ERISA nor subject it to federal jurisdiction. Likewise, use of the "ESP" initials in the application is suspect. The policy itself, on page one, is not identified as "ESP." On the contrary, the insured is listed as the Plaintiff, with policy number 01022911180, a number that does not comport with the "so called ESP case number" on the application.

Moreover, the face of the proposed insured's application demonstrates at Part I, that there is no existing health benefit applicable to Plaintiff; and, significantly, Plaintiff was not eligible for Worker's Compensation.

Likewise in the premium information section, it is clear that the premiums were to be paid by the proposed insured and was paid by that insured Plaintiff herein. See Exhibit A to

Plaintiff's Complaint attached hereto as Exhibit A.[1]  <u>Also</u> <u>see</u> copies of Plaintiff's cancelled check and St. Paul billing statement addressed to Plaintiff at his home.  Exhibit D.

> **C.    Assuming Arguendo That Plaintiff's Breach Of Contract Claim Is Pre-empted By ERISA Which Plaintiff Specifically Denies, Plaintiff's Claim For Bad Faith Is Not Pre-Empted Because Plaintiff's Claim Is Based Upon A Challenge To A  Medical Decision  Made By Paul Revere's Medical Consultants**

Plaintiff was **not** an employee, there is no evidence that Personal Public Adjusters paid premiums or endorsed the policy purchased by Plaintiff nor has Defendant produced evidence that Personal Public Adjusters was plaintiff's employer or that it  established or maintained the policy.  Therefore, the policy is **not** an employee welfare benefit plan encompassed by ERISA.

If the Court finds that the policy is subject to ERISA, which Plaintiff specifically denies, the Defendant's argument that complete preemption operates to dismiss Plaintiff's bad faith claim under 42 Pa. C.S.A. § 8371, is without support.

As Paul Revere has "hidden its head in the sand" and ignored the salient facts which

---

[1]    Even if the Court were to find that Plaintiff was an employee, a conclusion which all of the evidence contradicts and Plaintiff specifically denies, the Safe Harbor Regulation applicable to ERISA, 29 C.F.R. § 1510.3-1(j) would prevent application of the statute to this policy because on its face, the policy application demonstrates the policy was paid by Plaintiff, there is no evidence that Personal Public Adjusters required participation in the program, and there is no evidence that Personal Public Adjusters engaged in any function with respect to the program.  Certainly, in a Motion to Dismiss or Motion for Summary Judgement context, the evidence, when viewed in a light most favorable to Plaintiff, demonstrates that Defendant has failed to sustain its burden of proving it is entitled to judgment as a matter of law.  Moreover, assuming for argument's sake only, (and which Plaintiff denies),  that Personal Public Adjusters had paid a  premium in the past,  the Safe Harbor Regulation set forth in 29 C.F.R. § 2510.3-1(j)(1) will not be defeated.  <u>See</u> <u>Grimo v. Blue Cross/Blue Shield of Vermont</u>, 34 F.3d 148 (2d Cir. 1994), cited with approval by the Eastern District of Pennsylvania in <u>Byard v. Qualmed Plans for Health</u>, 966 F.Supp. 354 (E.D. Pa. 1997), wherein the District Court noted that the Second Circuit reversed a finding that safe harbor status was defeated because an employer had paid an entire premium for one year for one of its employees and fifty percent for other employees.  The Second Circuit disagreed, citing that the Regulation's use of the present tense "No contributions are made..." simply suggests that past payments do not forever preclude application of the Safe Harbor provision.  The Second Circuit also rejected that a contribution in any amount precludes application of the Safe Harbor Rule because such an interpretation is "pointlessly unforgiving."  39 F.3d at 153.  The United States District Court for the Eastern District relied on <u>Grimo</u> in <u>Byard</u> stating that a one time payment by an employer was likewise "pointlessly unforgiving" and the Court would not adopt such an interpretation.  966 F.Supp. at 359.

preclude removal and application of ERISA and has forced Plaintiff to expend unnecessary legal expense in defending a Petition for Removal and the instant frivolous Motion to Dismiss, Paul Revere has likewise ignored the United States Supreme Court's decision of <u>Pegram v. Herdrich</u>, 530 U.S. 211, 120 S.Ct. 2143 (2000) and most recently, <u>Rush Prudential HMO vs. Moran,</u> 122 S. Ct. 2151 (June, 2002), and <u>Lazorko v. Pennsylvania Hospital</u>, 237 F.3d 242 (3rd Cir. 2000).

In these more recent cases which Defendant has failed to address, the Supreme Court and the lower Courts have shifted the analysis from the standard relied upon by Paul Revere. In Paul Revere's view, the "has some connection with" or "reference to an ERISA plan" standard preempts Plaintiff's bad faith claim which is grounded, in part, on Revere's breach of duty to utilize trained and qualified medical providers to evaluate an insured's physical and mental condition; Revere's refusal to consider all relevant information made available to it; and in failing to provide relevant and complete information to its medical consultants.

On the contrary, the Supreme Court has recognized that preemption must not be limitless under ERISA and will not occur when a state law has only a tenuous, remote or peripheral connection with covered plans, as in the case with many laws of general applicability. <u>New York State Conference of Blue Cross/Blue Shield v. Travelers Ins. Co.</u>, 514 U.S. 645 (1995).

Therefore, most recently in <u>Rush,</u> <u>supra,</u> the Supreme Court affirmed the Seventh Circuit's refusal to find ERISA preemption of an Illinois state law which regulated the insurance industry.

Finally, the Third Circuit found that removal was improper in <u>Lazorka,</u> <u>supra,</u> a claim which challenged the soundness of a medical decision by a health care provider professional working for the Plaintiff's HMO.

The above demonstrates that even if the Court found that the policy purchased by Plaintiff was "an employee benefit plan," which it is not,  Plaintiff's bad faith claims grounded in tort and negligence theories may not be dismissed and must be remanded to State Court.

**III.     <u>Conclusion</u>**

The instant Motion to Dismiss must be denied as moot.  The Complaint and attachments do not implicate application of ERISA and thus the case must be remanded to State Court because this Honorable  Court lacks subject matter jurisdiction.

The basic premise raised in Defendant's Motion to Dismiss, that Plaintiff's breach of contract and bad faith claims are preempted by ERISA, is without foundation.  Thus the Court, without jurisdiction, must deny Defendant's Motion to Dismiss as moot.

Respectfully submitted,

LAW OFFICES OF JONATHAN WHEELER, P.C.


By:_____
          Jonathan Wheeler, Esquire
          1270 One Penn Center
          1617 John F. Kennedy Blvd.
          Philadelphia, PA 19103
          (215) 568-2900
          Attorney for Plaintiff,
          Peter Keenan

Dated:_____

-10-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PETER KEENAN,                                    :
               Plaintiff           :
                                                :

               v.                       :        Civil Action No.: 02-CV-4420
                                                :
UNUM PROVIDENT CORPORATION                        :
Successor-In-Interest to PAUL REVERE              :
LIFE INSURANCE COMPANY and                        :
JOSEPH P. REILLY INSURANCE AGENCY                 :
               Defendants          :

## CERTIFICATE OF SERVICE

       I, Jonathan Wheeler, Esquire, hereby certify that a true and correct copy of Plaintiff's

Response to Defendant's Motion to Dismiss was served this date upon the following counsel of

record via United States First Class Mail, postage prepaid:


Andrew F. Susko, Esquire         Joseph P. Reilly Insurance Agency
Kevin C. Cottone, Esquire        1200 Bustleton Pike, Suite 10
White and Williams LLP          Feasterville, PA 19053
1800 One Liberty Place
Philadelphia, PA 19103


                                 LAW OFFICES OF JONATHAN WHEELER, P.C.



                                 By:_____
                                      Jonathan Wheeler


Dated:_____

501-1968

July 24, 2002

Clerk of the Court
United States District Court
for the Eastern District of Pennsylvania
U.S. Courthouse, 601 Market Street
Philadelphia, PA 19106

   Re: Peter Keenan v. UNUM Provident Corporation, et al.
     Civil Action No.: 02-CV-4420

Dear Sir/Madam:

   Enclosed please find for filing with the Court an original and one copy of the following:

   1. Plaintiffs Motion for Remand, Memorandum of Law and Exhibits;

   2. Plaintiff's Response In Opposition to Defendant's Motion to Dismiss, Memorandum of Law and Exhibits;

   Please file the original of record and return one time-stamped copy to our courier for our files.

   Should have any questions regarding this request, please do not hesitate to contact the undersigned.  Thank you for your assistance and attention regarding this matter.

       Sincerely,


       JONATHAN WHEELER

JW/jlr
Enclosures

cc: Andrew F. Susko, Esquire &
  Kevin C. Cottone, Esquire, w/enclosures

Joseph P. Reilly Insurance Agency, pro se, w/enclosures