IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER KEENAN,<br>   Plaintiff | : | |
| | : | |
| v. | : | Civil Action No.: 02-CV-4420 |
| | : | |
| UNUM PROVIDENT CORPORATION<br>Successor-In-Interest to PAUL REVERE<br>LIFE INSURANCE COMPANY and<br>JOSEPH P. REILLY INSURANCE AGENCY<br>   Defendants | : | |

**ORDER**

**AND NOW,** this _____ day of _____, 2002, upon consideration of the Plaintiff's Motion for Sanctions and the Defendant UNUM Provident Corporation's Motion to Dismiss and Plaintiff's Response thereto, and Defendant, having been served with the Motion for Sanctions on July 30, 2002 and not withdrawing the Motion to Dismiss, it is hereby ORDERED and DECREED that Plaintiff's Motion For Sanctions is granted and said Defendant is ORDERED to pay the sum of $1628.50 to Law Offices of Jonathan Wheeler, P.C., said sum representing the counsel fees and costs incurred in responding to Defendant's Motion to Dismiss.

                        By the Court:

                        _____
                                  J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER KEENAN, : | |
|       Plaintiff : | |
| : | |
| v. : | Civil Action No.: 02-CV-4420 |
| : | |
| UNUM PROVIDENT CORPORATION : | |
| Successor-In-Interest to PAUL REVERE : | |
| LIFE INSURANCE COMPANY and : | |
| JOSEPH P. REILLY INSURANCE AGENCY : | |
|       Defendants : | |

**PLAINTIFF'S MOTION FOR SANCTIONS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11(b)**

Plaintiff, Peter Keenan, by and through his attorney, Law Offices of Jonathan Wheeler, P.C., does hereby file this Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11(b) and in support thereof avers the following:

1. This is a lawsuit instituted by Peter Keenan against his disability insurance company, UNUM Provident Corporation, Successor-In-Interest to Paul Revere Life Insurance Company, and the insurance agent who sold him the policy, Joseph P. Reilly Insurance Agency. The suit raised causes of action for breach of contract, bad faith and negligence and was brought in the Philadelphia Court of Common Pleas, May Term, 2002, No. 003862.

2. On July 3, 2002, Defendant, UNUM, filed a Notice of Removal to the District Court. However, Defendant failed to serve a copy on Plaintiff as certified by counsel in the Certificate of Service attached to the Petition for Removal. Eventually, Plaintiff received Notice of the Removal and filed a Motion for Remand on July 24, 2002. The Notice of Removal and Motion for Remand are part of the record to the Court and are incorporated by reference.

3. On or about July 12, 2002, Defendant served a copy of a Motion to Dismiss upon Plaintiff.

4. Plaintiff has filed a Response in Opposition to the Defendant's Motion to Dismiss on July 24, 2002, and in support thereof, has presented the Court with proof that the policy sold to Plaintiff by Defendant's agent was not established or maintained by an employer, therefore, the policy is not subject to ERISA. The Plaintiff's Response is a part of the record and incorporated by reference.

5. At all times relevant hereto, Plaintiff was a public adjuster providing services as an independent contractor to a company called Personal Public Adjusters until 1990.

6. In his Motion to Dismiss, Plaintiff has presented IRS Forms 1099 for the years 1986, 1987 and 1988, to demonstrate that he was self-employed and the recipient of non-employee compensation from Personal Public Adjusters.

7. In his Response to Defendant's Motion to Dismiss, Plaintiff directed the court to Exhibit "A" of Plaintiff's Complaint, specifically, the Application for Insurance, Part I, Section M, which demonstrated that premiums for the policy were to be paid by the proposed insured, Plaintiff herein.

8. As additional evidence, Plaintiff presented a billing invoice and check for payment which evidenced that premiums were billed to Plaintiff and paid by Plaintiff directly.

9. The information set forth above was known or should have been known by UNUM, particularly because it received premiums by Plaintiff and was privy to his Application which demonstrated that the policy was maintained and/or established by Mr. Keenan.

10. The allegations and factual contentions set forth in Defendant's Motion to Dismiss were not supported by meaningful evidence.

11. Defendant's conduct in removing the Plaintiff's case brought in the Philadelphia Court

of Common Pleas and in thereafter filing a factually unsupported Motion to Dismiss demonstrates that the Motion was presented for an improper purpose in that it has caused unnecessary delay and a needless increase in the cost of litigation.

12. Plaintiff's counsel has attached an Affidavit which demonstrated the time expended and the cost involved in preparing a response to the frivolous Motion to Dismiss of Defendant. See Affidavit of Counsel attached hereto as Exhibit "A".

13. Plaintiff is entitled to expenses and attorneys' fees involved in responding to Defendant's Motion pursuant to Federal Rule of Civil Procedure 11(c)(1)(A).

14. Federal Rule of Civil Procedure 11 (2) also authorizes other sanctions which are sufficient to deter conduct which constitutes an improper purpose and disregard of the facts and law.

WHEREFORE, Plaintiff respectfully requests that the Court grant the within Motion for Sanctions and enter an Order requiring Defendant to reimburse Plaintiff's counsel for fees and expenses incurred in the response of Defendant's Motion to Dismiss and any other deterrent sanctions which the Court deems appropriate.

Respectfully submitted,

LAW OFFICES OF JONATHAN WHEELER, P.C.

By: /s/
    Jonathan Wheeler, Esquire
    Attorney I.D. No. 12649
    Attorney for Plaintiff, Peter Keenan
    1270 One Penn Center
    1617 John F. Kennedy Blvd.
    Philadelphia, PA 19103
    (215) 568-2900

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER KEENAN,<br>    Plaintiff<br><br>    v.<br><br>UNUM PROVIDENT CORPORATION<br>Successor-In-Interest to PAUL REVERE<br>LIFE INSURANCE COMPANY and<br>JOSEPH P. REILLY INSURANCE AGENCY<br>    Defendants | :<br>:<br>:<br>: Civil Action No.: 02-CV-4420<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 (b)**

Federal Rule of Civil Procedure 11 authorizes the imposition of sanctions against an attorney or unrepresented party who has filed a written motion, pleading or other paper that is not supported by existing law or factual evidence.

The Rule provides that a separate Motion for Sanctions will not be filed with the Court unless, within twenty-one (21) days of service of the Motion, the challenged paper is not withdrawn.

Attorneys' fees and costs expended in defending a frivolous motion are appropriate sanctions.

The Defendant has filed a Motion to Dismiss on federal pre-emption grounds when it knew or should have known that the policy sold to Plaintiff was not subject to ERISA in that it was not established or maintained by an employer.

At all relevant times, Plaintiff was **not** an employee but was a self-employed independent subcontractor.  See Plaintiff's Motion for Remand and Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and Exhibits attached thereto which are part of the record and incorporated by reference.

The evidence presented to the Court in the aforementionedIN THE AFOREMENTIONED Motion and Response demonstrates that the filings of Defendant were presented to harass or cause unnecessary delay or needless increase in the cost of litigation because there was simply no legal basis or factual basis for Defendant's contention that Plaintiff's policy was a policy subject to ERISA.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Sanctions as set forth in the attached Order.

Respectfully submitted,

LAW OFFICES OF JONATHAN WHEELER, P.C.

By: _____/s/_____
Jonathan Wheeler, Esquire
Attorney I.D. 12649
1270 One Penn Center
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 568-2900
Attorney for Plaintiff,
Peter Keenan

Dated:_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER KEENAN, | : | |
|       Plaintiff | : | |
| | : | |
|     v. | : | Civil Action No.: 02-CV-4420 |
| | : | |
| UNUM PROVIDENT CORPORATION | : | |
| Successor-In-Interest to PAUL REVERE | : | |
| LIFE INSURANCE COMPANY and | : | |
| JOSEPH P. REILLY INSURANCE AGENCY | : | |
|       Defendants | : | |

## CERTIFICATE OF SERVICE

I, Jonathan Wheeler, Esquire, hereby certify that a true and correct copy of Plaintiff's Motion for Sanctions was served this date upon the following counsel of record via United States First Class Mail, postage prepaid:

Andrew F. Susko, Esquire  
Kevin C. Cottone, Esquire  
White and Williams LLP  
1800 One Liberty Place  
Philadelphia, PA 19103  

Joseph P. Reilly Insurance Agency  
1200 Bustleton Pike, Suite 10  
Feasterville, PA 19053  

LAW OFFICES OF JONATHAN WHEELER, P.C.

By: __/s/_____  
      Jonathan Wheeler

Dated:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER KEENAN, | : | |
|       Plaintiff | : | |
| | : | |
| v. | : | Civil Action No.: 02-CV-4420 |
| | : | |
| UNUM PROVIDENT CORPORATION | : | |
| Successor-In-Interest to PAUL REVERE | : | |
| LIFE INSURANCE COMPANY and | : | |
| JOSEPH P. REILLY INSURANCE AGENCY | : | |
|       Defendants | : | |

**AFFIDAVIT**

I, Jonathan Wheeler, Esquire, being duly sworn, hereby depose and say:

1. I am fully familiar with the facts in the above captioned case, and I am counsel for the Plaintiff, Peter Keenan. I am more than 21 years of age and competent to testify to the following allegations.

2. I am principal and sole practitioner, rendering legal services in the Law Office of Jonathan Wheeler, P.C. My currently hourly billing rate is $250.00 for the type of matter above captioned.

3. Pursuant to Defendant Insurance Company's Motion to Dismiss served on or about July 12, 2002, I researched, prepared, and drafted the Plaintiff's Response in Opposition to Defendant's Motion.

4. I spent a total of 6.0 hours in the preparation of the Response in Opposition to Defendants's Motion to Dismiss, totaling $1,500.00 in counsel fees.

5. I have further expenses in postage and photocopying in the amount of $128.50.

SWORN TO AND SUBSCRIBED        By: _____/s/_____
BEFORE ME THIS _____ DAY             Jonathan Wheeler, Esquire
OF _____, 2002.            Attorney I.D. No. 12649
                                                      1270 One Penn Center
                                                      1617 John F. Kennedy Blvd.
_____     Philadelphia, PA 19103
      NOTARY PUBLIC                           (215) 568-2900
                                                      Attorney for Plaintiff,
                                                      Peter Keenan