IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PETER KEENAN                                    :
    Plaintiff,                             :
                                                :
    v.                                       :   02-CV-4420
                                                :
UNUM PROVIDENT CORP., and                       :
JOSEPH P. REILLY INSURANCE AGENCY,              :
    Defendants.                            :

### EXPLANATION AND ORDER

**Anita B. Brody, J.**                                              **March    , 2003**

      Plaintiff's suit against defendant Unum Provident Corp. ("Unum"), the successor-in-interest to Paul Revere Life Insurance Co. ("Paul Revere"), arises from defendant's decision to terminate plaintiff's disability benefits in December 2001. On May 3, 2002, Plaintiff filed suit against defendant in the Philadelphia County Court of Common Pleas, alleging that Unum's termination of his disability benefits constituted a breach of contract and bad faith under 42 Pa. C.S.A. § 8371 and that Joseph P. Reilly Insurance Agency ("Reilly") negligently advised plaintiff to purchase a policy from Paul Revere. On July 3, 2002, Unum removed the case to federal court. In its notice of removal, Unum argued that federal jurisdiction exists under 28 U.S.C. § 1331 because the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144(a), governs plaintiff's disability policy. Unum also asserts that diversity jurisdiction is proper under 28 U.S.C. § 1332 because plaintiff allegedly fraudulently joined co-defendant

"Reilly".[1]  On July 11, 2002, Unum filed a motion to dismiss.  On July 24, 2002, plaintiff filed a motion for remand.

The underlying facts of this case are as follows: In May 1987, plaintiff, while working for Personal Public Adjustors,[2] applied for a disability insurance policy with Paul Revere.  Sometime before the summer of 1992, plaintiff ceased to work for Personal Public Adjustors.  In or about March 1992, Personal Public Adjustors requested that Paul Revere discontinue plaintiff's disability coverage.  In July 1992, plaintiff filed an application to reinstate his disability insurance.  Thereafter, Paul Revere sent bills for plaintiff's disability insurance premiums to his home.  On or about December 8, 1999, plaintiff became disabled.  Unum accepted plaintiff's disability claim and paid him benefits under the terms of his policy until December 2001.  Since December 2001, Unum has refused to pay disability benefits to plaintiff.

On February 5, 2003, I held a hearing to address the issues raised by plaintiff's motion to remand.  Based on the parties' oral argument and their submissions both before and after the hearing, I will deny plaintiff's motion to remand and also deny defendant Unum's motion to dismiss.  Because a court must always begin its analysis by considering whether it has jurisdiction to hear a case, I will first discuss plaintiff's motion to remand.

---

[1]Paul Revere is incorporated and has its principal place of business in the Commonwealth of Massachusetts.  Unum is incorporated in Maine and has its principal place of business in Massachusetts.  Plaintiff is a Pennsylvania resident.  Reilly is organized and exists under the laws of the Commonwealth of Pennsylvania.  But for the presence of Unum's co-defendant Reilly, complete diversity would exist between the parties.

[2]Plaintiff argues that he was an independent contractor for, rather than an employee of, Personal Public Adjustors.

**STANDARD OF REVIEW**

*Motion to Remand*

The Third Circuit Court of Appeals has held that "[i]t is settled that the removal statutes [28 U.S.C. §§ 1441-1452] are to be strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987), *cert. dismissed*, 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988) (citing Abels v. State Farm Fir & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1985).

When deciding whether to remand, a district court must review the plaintiff's complaint as it stood when defendants sought to remove the case to federal court. Id. The district court must also "assume as true all factual allegations of the complaint." Id. (citing Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984).

Despite this very generous standard of review, there are certain areas of the law that Congress has so completely preempted that any civil claim raised in that area is necessarily federal in character. See Metropolitan Life. Ins. Co. v. Taylor, 481 U.S. 58, 67, 107 S.Ct. 1542, 95 L.Ed.2d 55, (1987). A claim to recover benefits due under an ERISA employee benefit plan is such a claim. Id., Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 354 (3d Cir. 1995). Determinations of whether a plan is governed by ERISA is a question of fact. This question is "to be answered in the light of all the surrounding circumstances from the point of view of a reasonable person." Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co., 809 F.2d 617, 625 (9th Cir. 1987).

3

*Motion to Dismiss*

When considering a Rule 12(b)(6) motion, the Court must accept as true all the allegations set forth in the complaint and must draw all reasonable inferences in favor of the plaintiff.  See Ford v. Schering-Plough Corp., 145 F.3d 601, 604 (3d Cir. 1998).  Dismissal of plaintiff's claim is appropriate only if plaintiff "can prove no set of facts in support of his claim which would entitle him to relief."  Id. (quotations omitted).  The court need not, however, accept conclusory allegations or legal conclusions.  Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997).

**DISCUSSION**

  *A.*  *Plaintiff's Motion to Remand*

The parties' dispute centers on whether or not ERISA governs plaintiff's disability policy.  Plaintiff's complaint neither seeks damages nor explicitly state a claim under ERISA.  Unum maintains, however, that plaintiff's suit can only be brought under this federal statute because of the doctrine of preemption.  For this reason, Unum argues, the federal courts have subject matter jurisdiction over plaintiff's suit.  Unum also argues that federal diversity jurisdiction exists under the doctrine of fraudulent joinder.  I will not address this latter argument because, for the reasons described below, I find that the court has subject matter jurisdiction over this case based on the existence of a federal question.  Federal jurisdiction exists because: (1) plaintiff received his disability benefits through a plan governed by ERISA and (2) ERISA ordinarily preempts plaintiff's state law claims.

A disability insurance policy is governed by ERISA if it is obtained through (1) a "plan, fund, or program;" (2) that is "established or maintained," (3) "by an employer;" (4) for the purpose of providing benefits; (5) to its participants or beneficiaries. 29 U.S.C. § 1002(1).

To resolve the parties' dispute over whether or not plaintiff's policy is part of an ERISA plan, defendant must satisfy the five elements of § 1002(1).[3] The Third Circuit Court of Appeals has held that a policy is a "plan," for ERISA purposes, if "from the surrounding circumstances a reasonable person could ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." Smith v. Hartford Ins. Group, 6 F.3d 131, 136 (3d Cir. 1993). Unum has presented unrebutted evidence that the policy (1) provided disability benefits; (2) benefitted individuals who worked with or for Personal Public Adjustors; (3) had funding arranged by Personal Public Adjustors; (4) benefits were paid directly to the insured. It has therefore demonstrated the existence of a "plan."

The second prong of the test for determining ERISA's applicability requires that the employer establish or maintain the plan. Plaintiff's premium notice lists Public Adjustors, Inc.[4] as plaintiff's employer and the firm's address as plaintiff's billing address. See Unum's Resp. in Opp'n to Pl.'s Mot. to Remand, Ex. C. This notice is evidence that Unum maintained the plan that administered plaintiff's disability policy. Bills sent by Paul Revere to Public Adjustors Inc. for plaintiff's premiums further confirm this finding. See id., Ex. B.

---

[3]"Preemption is an affirmative defense and the burden is on the defendant to assert its application to any given plan." Brown v. Paul Revere Life Ins. Co., No. Civ.A. 01-1931, 2002 WL 1019021, *5 (E.D. Pa. May 20, 2002).

[4]Although there is a discrepancy between the name of the company that plaintiff worked for, Personal Public Adjustors, Inc., and the name of the company billed by Paul Revere, Public Adjustors, Inc., the parties do not dispute that these two entities are the same.

The third prong of this test is intertwined with the second: it requires proof that Personal Public Adjustors, which maintained the plan, was also plaintiff's employer. Unum has produced plaintiff's application for his disability policy. See id., Ex. A. In this application, plaintiff identified Personal Public Adjustors as his employer. Id. To rebut Unum's argument that he is an employee, Plaintiff has supplied copies of his 1099 federal tax forms, which Personal Public Adjustors issued to him in 1986, 1987, and 1988, in order to prove that he was an independent contractor. See Pl.'s Mot. for Remand, Ex. C. These forms do not, however, contradict the evidence that plaintiff supplied in his own application for disability insurance. Personal Public Adjustors, for reasons that are not documented, elected to issue the 1099s. In doing so, the firm did not abandon or disavow its "functions" as plaintiff's employer "with regard to the administration of an ERISA plan." Greenblatt v. Delta Plumbing & Heating Corp., 68 F.3d 561, 576 (2d Cir. 1995). The assumption of functions like maintaining an employee benefits plan and providing regular employment, according to at least one Court of Appeals, suggests that an entity is an employer for the purposes of ERISA. Cf. id.; Bleiler v. Cristwood Const., Inc., 72 F.3d 13, 15 (2d Cir. 1995). Based on these Second Circuit decisions and plaintiff's own admission, I find that Personal Public Adjustors was plaintiff's employer as envisioned by ERISA.[5]

---

[5]Unfortunately, the definition of "employer" found within ERISA is not particularly helpful. According to the statute, "[t]he term 'employer' means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 USCA § 1002(5). The fact that Congress chose to include the language "or indirectly in the interest of an employer" appears to support the Second Circuit's determination that the employer-employee relationship, for purposes of ERISA, can be defined expansively. This interpretation would also suggest that Personal Public Adjustors qualifies as plaintiff's
(continued...)

The fourth prong asks whether the insurance plan was intended to provide a benefit. Plaintiff's receipt of two-years-worth of disability benefits establishes the existence of such a benefit. In addition, pursuant to the hearing I conducted on plaintiff's motion, I find that plaintiff received a 15% discount on his premium payments by virtue of his participation in Personal Public Adjustors' disability insurance plan. See also Sworn Decl. of Scott J. Williams, Ex. A. This discount also constitutes a benefit.

The fifth prong of the test for determining whether ERISA governs plaintiff's policy requires evidence that plaintiff was a participant or a beneficiary in Personal Public Adjustors' employee benefit plan. Plaintiff argues that he received no benefit. Pl.'s Mot. for Remand, Ex. B. Unum argues that Plaintiff's receipt of the 15% discount demonstrates that he was a beneficiary and that his status as an "employee" makes him a participant. Claims brought by both participants and beneficiaries are governed by ERISA if the complaint involve an ERISA policy. Wolf v. UNUM Life Ins. of Am., 186 F.3d 352, 357 (3d Cir. 1999), *cert. denied*, 528 U.S. 1076, 120 S.Ct. 792, 145 L.Ed.2d 668 (2000). ERISA defines a "participant" as an employee who is eligible to receive a benefit from an employee benefit plan. 29 U.S.C. § 1002(7). A "beneficiary" is one who is "designated" by the terms of an employee benefit plan, who "may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). If plaintiff was not an employee, Unum argues, then he was a beneficiary - as evidenced by his receipt of disability benefits and the 15% discount. I agree. Under Wolk, plaintiff's suit is governed by ERISA

---

[5](...continued)
"employer."

7

regardless of whether he was a participant or a beneficiary of Personal Public Adjustor's employee benefits plan.

Having found that defendant has satisfied the five-prong test for establishing that ERISA governs plaintiff's disability insurance policy, I must determine whether ERISA also preempts plaintiff's state law claims.

Congress, in the interest of ensuring uniform treatment of participants in employee benefit plans, has provided than any state law claims involving an ERISA plan are preempted by ERISA. 29 U.S.C. § 1001(a)-(b); see also Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138-39, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). In considering ERISA preemption, the Third Circuit has distinguished between two types of cases. See In re U.S. Healthcare, Inc., 193 F.3d 151, 161-63 (3d Cir. 1999). The first type of case involves the quantity of benefits due under a plan and the second type involves the quality of those benefits. Id. Quantity of care claims involve the defendant's failure to pay or provide benefits. Id. at 162. Quality of care claims involve a challenge to the defendant's decision as to how it provides benefits. Id. at 162-63. Only "quantity" claims are completely preempted by ERISA. Id. at 162. "Quality" claims are not completely preempted and the district court lacks removal jurisdiction over such claims. Id. at 162-63.

Plaintiff has brought state actions for bad faith and breach of contract against Unum. Both claims are completely preempted as they involve Unum's alleged failure to provide benefits. See 29 U.S.C. § 1132(a)(1)(B); Ginsburg v. Independence Blue Cross, No. Civ.A. 01-66, 2001 WL 267874, *4 (E.D. Mar. 16, 2001). Removal is therefore proper and, accordingly,

the federal court has jurisdiction over all plaintiff's claims.[6]  Furthermore, plaintiff's contract and bad faith claims are subject to dismissal on a motion to dismiss, as they are preempted. Ginsburg, 2001 WL 267874, *4 (citing Norris v. Continental Casualty Co., No. Civ.A. 00-1723, 2000 U.S. Dist. LEXIS 9163, at *4 (E.D. Pa. June 29, 2000), Asprino v. Blue Cross & Blue Shield Ass'n, No. Civ.A. 96-7788, 1997 U.S. Dist. LEXIS 6708, at *4 (E.D. Pa. May 7, 1997)). Because I have found that plaintiff's disability benefits policy is governed by ERISA and that his state claims are preempted by the federal statute, federal question jurisdiction exists.  For this reason I will deny plaintiff's motion to remand.

### B. *Defendant's Motion to Dismiss*

Defendant has filed a motion to dismiss.  In its motion, Unum argues that federal preemption of plaintiff's bad faith and breach of contract claims necessitates their dismissal.  I disagree.  Plaintiff has raised the argument that the Safe Harbor Regulation applicable to ERISA, 29 C.F.R. § 1510.3-1(j), prevents the statute's application to his disability policy.[7]  Determination

---

[6] The court has supplemental jurisdiction over the remaining claims.  See Davis v. Smithkline Beecham Clinical Labs., Inc., 993 F.Supp. 897, 899 (E.D. Pa. 1998).

[7] The safe harbor provision states that ERISA plans "shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which:
(1) No contributions are made by an employer or employee organization;
(2) Participation in the program is completely voluntary for employees or members;
(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions, or dues checkoffs and to remit them to the insurer; and
(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs." 29 C.F.R. § 2510.3-1(j).

of whether the safe harbor provision applies to plaintiff's policy requires knowledge of facts not yet in evidence. Before resolving this issue, the court will need to make factual findings that require further briefing and testimony. It would therefore be premature to dismiss plaintiff's lawsuit. For these reasons, Unum's motion to dismiss is denied. Based on my decision that ERISA governs plaintiff's disability policy with Unum, plaintiff, if he wishes, shall have twenty days from the date of this Explanation and Order to file an Amended Complaint wherein he may allege the application of the safe harbor provision or raise other ERISA-related claims.

**ORDER**

**AND NOW**, this _____ day of March, 2003, it is **ORDERED** that:

(1) Plaintiff's Motion to Remand (Docket # 3) is **DENIED**;

(2) Defendant's Motion to Dismiss (Docket # 2) is **DENIED**;

(3) Plaintiff's Motion for Sanctions (Docket # 10) is **DENIED**;

(4) Plaintiff shall have 20 days from the date of this Explanation and Order to file an Amended Complaint.

_____
ANITA B. BRODY, J.

Copies **FAXED** on _____ to:        Copies **MAILED** on _____ to: