IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER KEENAN | : | CIVIL ACTION |
|       Plaintiff | : | |
| v. | : | NO. 02-CV-4420 |
| | : | |
| PAUL REVERE LIFE INSURANCE COMPANY | : | |
| and UNUM PROVIDENT CORPORATION | : | |
| Successor-In-Interest to PAUL REVERE | : | |
| LIFE INSURANCE COMPANY | : | |
|       Defendants | : | |

### ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANTS, THE PAUL REVERE LIFE INSURANCE COMPANY AND UNUM PROVIDENT CORPORATION, TO PLAINTIFFS' AMENDED CIVIL ACTION COMPLAINT

The Paul Revere Life Insurance Company and UnumProvident Corporation, hereinafter referred to as "answering defendant", by and through its counsel, White and Williams LLP, respectfully submit the following Answer with Affirmative Defenses to Plaintiff's Amended Civil Action Complaint, and respectfully request judgment be entered in its favor and against the plaintiff.

1. Answering defendant is unable to admit or deny the averments stated in the corresponding paragraphs since the means of proof thereof are within the exclusive control of the plaintiff.

2. Admitted in part, denied in part. Answering defendant admits the averments of this paragraph with the qualification that answering defendant's proper corporate name is The Paul Revere Life Insurance Company.

3. Denied as stated. UnumProvident Corporation is a non-insurance holding company incorporated in Delaware, with its principal place of business in Portland, Maine, and Chattanooga,

Tennessee. By way of further response, UnumProvident Corporation is not a proper defendant in this case.

4. Admitted generally, although UnumProvident Corporation is a holding company not engaged in the issuing, marketing and/or selling of health and disability insurance products.

5. Denied. The allegations contained in this paragraph regarding a defendant acting by and through agents, servants, workmen or employees are denied, as they are not sufficiently specific to permit answering defendant to respond. In particular, plaintiff has failed to identify the alleged agents, other than Joseph P. Reilly, has failed to set forth the agency relationship, and has otherwise failed to set forth the scope of authority of the alleged agency and, therefore, all allegations are denied. It is specifically denied that Joseph P. Reilly was an employee of The Paul Revere Life Insurance Company or UnumProvident Corporation at any time material to this lawsuit. To the contrary, at all times material hereto, Joseph P. Reilly was an independent agent.

6. Admitted in part, denied in part. It is admitted that on June 21, 1987, The Paul Revere Life Insurance Company issued a policy of disability insurance, Policy No. 01022911180, based upon an application submitted by plaintiff, Peter Keenan. Answering defendant lacks knowledge or information sufficient to admit or deny the averments regarding Joseph P. Reilly. It is specifically denied that Joseph P. Reilly was acting on behalf of UnumProvident Corporation or The Paul Revere Life Insurance Company with regard to the application for the subject policy.

7. Denied. All allegations that plaintiff has met the terms and conditions of the

policy are denied. Benefits were initially paid to plaintiff under a Reservation of Rights beginning in May of 2000 up until December, 2001, at which time benefits were terminated on the basis that Mr. Keenan was not totally disabled under the terms of the contract.

8. Denied. UnumProvident Corporation does not administer claims. The allegations of this paragraph are specifically denied.

9. Denied as stated more specifically in response to paragraphs 7 and 8 above. By way of further response, at all times material hereto, answering defendant acted appropriately and in accordance with the terms of the contract.

10. Denied. It is specifically denied that there has been any wrongful termination of benefits, as stated more specifically in response to paragraph 7 above. It is further specifically denied that the policy of insurance issued by The Paul Revere Life Insurance Company pays benefit in the amount of $2,500.00 per month. The terms of the policy and the coverage amounts are set forth in the policy which is in writing and speaks for itself.

11. Denied. This Honorable Court has determined the subject policy, No. 01022911180, is an employee welfare benefit plan within the purview of the Employee Retirement Insurance Security Act of 1974 (ERISA). It is specifically denied that Mr. Keenan's claim falls within the Safe Harbor exemptions given, *inter alia*, the benefit enjoyed by Mr. Keenan in his participation in the plan and the contribution and corresponding benefit to his employer.

12. Denied. It is specifically denied that Safe Harbor applies to Mr. Keenan's claim, particularly as set forth in subparagraphs (a) through (d) of the Amended Civil Action Complaint. On the contrary, Mr. Keenan's claims does not fall within the Safe Harbor exemptions given, *inter alia*,

the benefit enjoyed by Mr. Keenan in his participation in the plan and the contribution and corresponding benefit to his employer. By way of further response, answering defendant incorporates its Affirmative Defenses set forth below as though the same were fully set forth at length herein.

### *COUNT I - IN ASSUMPSIT*

13.     Answering defendant incorporates by reference its responses to paragraphs 1 through 12 above as though the same were fully set forth at length herein.

14.     Denied. Plaintiff's claim "in assumpsit" is preempted under ERISA and answering defendant incorporates its Affirmative Defenses as though set forth in its entirety herein. By way of further response, all allegations that plaintiff has met all terms and conditions of the policy are denied. Benefits were initially paid to plaintiff under a Reservation of Rights beginning in May of 2000 up until December, 2001, at which time benefits were terminated on the basis that Mr. Keenan was not totally disabled under the terms of the contract.

15.     Denied. All allegations of breach of contract are denied. On the contrary, answering defendant acted appropriately and in accordance with the terms of the contract. Benefits were initially paid to plaintiff under a Reservation of Rights beginning in May of 2000 up until December, 2001, at which time benefits were terminated on the basis that Mr. Keenan was not totally disabled under the terms of the contract. Finally, plaintiff's claim "in assumpsit" is preempted under ERISA and answering defendant incorporates its Affirmative Defenses as though set forth in its entirety herein.

*WHEREFORE*, answering defendant respectfully requests that judgment be entered in its favor and against the plaintiff, together with appropriate costs and fees.

## *COUNT II - BAD FAITH*

16. Answering defendant incorporates by reference its responses to paragraphs 1 through 15 above as though set forth more fully herein at length.

17. Denied. All allegations of bad faith are denied, particularly as set forth in subparagraphs (a) through (h) of the Amended Civil Action Complaint. It is specifically denied answering defendant acted arbitrary, capricious and/or unreasonable at any time material to this claim. On the contrary, UnumProvident Corporation does not administer claims and answering defendant acted appropriately and in accordance with the terms of the contract. Benefits were initially paid to plaintiff under a Reservation of Rights beginning in May of 2000 up until December, 2001, at which time benefits were terminated on the basis that Mr. Keenan was not totally disabled under the terms of the contract. Finally, plaintiff's claim for "bad faith" is preempted under ERISA and answering defendant incorporates its Affirmative Defenses as though set forth in its entirety herein.

18. Denied as stated more fully in paragraph 17 above.

**WHEREFORE**, answering defendant respectfully requests that judgment be entered in its favor and against the plaintiff, together with appropriate costs and fees.

## *COUNT III - ERISA CLAIMS*

19. Answering defendant incorporates by reference its responses to paragraphs 1 through 18 above as though the same were fully set forth at length herein.

20. Denied. Answering defendant's denial of plaintiff's claim was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and, for the reasons set forth in the entirety in defendants' Answer, plaintiff is not totally disabled as defined under the terms of the contract.

21. Denied. It is specifically denied that UnumProvident Corporation acted as claim administrator and/or that this claim is subject to "heightened scrutiny." On the contrary, this Honorable Court's adjudication of this matter is subject to the arbitrary and capricious standard of review.

22. Denied. All allegations that plaintiff has met all the terms and conditions of the policy are denied. For the reasons set forth in the entirety in defendants' Answer, the denial of plaintiff's claim was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and plaintiff is not totally disabled as defined under the terms of the contract.

**WHEREFORE**, answering defendant respectfully requests that judgment be entered in its favor and against the plaintiff, together with appropriate costs and fees.

## *AFFIRMATIVE DEFENSES*

### *FIRST AFFIRMATIVE DEFENSE*

Answering defendant owes no obligations under the policies to pay benefits as is alleged in the Amended Complaint.

### *SECOND AFFIRMATIVE DEFENSE*

Plaintiff is not disabled under the terms of the policy and this constitutes a complete defense to this action.

### *THIRD AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred, in whole or in part, by one or more provisions of the insurance policy.

### *FOURTH AFFIRMATIVE DEFENSE*

Plaintiff has failed to satisfy one or more of the conditions precedent required under the policies for receipt of benefits.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to submit sufficient proof of his claim of total disability under the insurance policy and, therefore, plaintiff is not entitled to benefits.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Principles of Estoppel, Laches, Equitable Estoppel and/or Waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claimed disability, if any, may be caused by a preexisting condition for which no benefits are owed under the terms and conditions of the subject policies.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by plaintiff's own failure to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim of disability is not supported under all of the circumstances, and any failure on the part of plaintiff to be working full-time in the occupation he was engaged in when allegedly first became disabled was due to plaintiff's own choice and/or caused by circumstances other than plaintiff's claimed disability.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, which precludes any related state law causes of action, including but not limited to the plaintiff's claim in assumpsit and bad faith.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's remedies, if any, are limited to those provided under ERISA and his damages, if any, are subject to the restrictions, deductions and offsets contained in his employer's plan.

### TWELFTH AFFIRMATIVE DEFENSE

This Court's review of this matter is limited to the administrative record before the Claims Administrator at the time of the denial of plaintiff's claim.

### THIRTEENTH AFFIRMATIVE DEFENSE

No payments are owed to the plaintiff under the terms and conditions of said policy.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's eligibility for benefits is subject to the restrictions contained in the plan.

### FIFTEENTH AFFIRMATIVE DEFENSE

This Court's adjudication of this matter is subject to the arbitrary and capricious standard of review.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for benefits under the plans were properly denied by answering defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Answering defendant asserts any and all defenses available to them under the terms of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not submitted objective or otherwise appropriate medical proof on his claim of disability under the policy and, therefore, is not entitled to benefits.

### NINETEENTH AFFIRMATIVE DEFENSE

Answering defendant's denial of benefits under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and this constitutes a complete defense to the within cause of action.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial pursuant to the provisions of ERISA, 29 U.S.C. § 1001, *et seq*.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Under all of the circumstances, plaintiff is owed no benefits under the policies, or interest, costs and/or attorney's fees.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by any applicable statute of limitations.

### *TWENTY-THIRD AFFIRMATIVE DEFENSE*

Any relief awarded to plaintiff should be reduced or offset by social security disability benefits or any other benefits with which the subject policy integrates, or should be otherwise reduced as required by law.

### *TWENTY-FOURTH AFFIRMATIVE DEFENSE*

Plaintiff was not disabled for a sufficient time to meet the requirement of the elimination periods under the policies, and this constitutes a defense, in whole or in part, to plaintiff's claims.

### *TWENTY-FIFTH AFFIRMATIVE DEFENSE*

Plaintiff's claims may be barred, in whole or in part, by virtue of 18 Pa. C.S.A. § 4117, *et seq*.

### *TWENTY-SIXTH AFFIRMATIVE DEFENSE*

Plaintiff's claims in Counts I, II and III of the Amended Civil Action Complaint fail to state a cause of action under Pennsylvania law.  Plaintiff's claims in Counts I, II and III of the Amended Civil Action Complaint fail to state a claim upon which relief may be granted.

### *TWENTY-SEVENTH AFFIRMATIVE DEFENSE*

Any and all claims for punitive damages are violative of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

### *TWENTY-EIGHTH AFFIRMATIVE DEFENSE*

There is no privity of contract between UnumProvident Corporation and plaintiff, Peter Keenan.  UnumProvident Corporation is not an insurer and has no obligation under contract to pay benefits.  Moreover, UnumProvident Corporation is not the claims administrator or an entity with any type of fiduciary responsibility in regard to the plan as countenanced under ERISA.

*WHEREFORE*, defendant respectfully requests that judgment be entered in its favor and against the plaintiff.

        *Respectfully submitted,*

        *WHITE AND WILLIAMS LLP*
        *Attorneys for Defendants*


        *By:* _____
             *ANDREW F. SUSKO, ESQUIRE*
             *KEVIN C. COTTONE, ESQUIRE*


*DATE: April 25, 2003*

## *CERTIFICATE OF SERVICE*

I hereby certify that a true and correct copy of the foregoing Answer with Affirmative Defenses on behalf of Defendants was served by first class, United States mail, postage prepaid, upon:

Jonathan Wheeler, Esquire
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103

John Hatzell, Esquire
Law Office of John R. McHaffie
1700 Market Street, Suite 1620
Philadelphia, PA 19103

**WHITE AND WILLIAMS LLP**
*Attorneys for Defendants*

By: _____
ANDREW F. SUSKO, ESQUIRE

*DATE: April 25, 2003*